United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY-JR.: DOMINICK,
Plaintiff,

v.

STEVE GORDON, et al.,
Defendants.

Case No. 26-cv-07654-AMO

**ORDER RE MOTION TO DISMISS AND MOTION FOR PRELIMINARY INJUNCTION**

Re: Dkt. Nos. 3, 13

On May 15, 2026, Plaintiff Anthony-Jr.: Dominick was cited for driving without current registration, without a license, and without lighting equipment required for driving in darkness. Dkt. No. 17 ("RJN"), Ex. 1 (Reminder Notice for Citation No. SH50916864).[1] He holds the sincere "religious belief that the natural person's authority and dominion are God-granted and may not be surrendered to the State as a precondition of movement." Dkt. No. 1 ("Compl.") at 11. He sues the Director of the California Department of Motor Vehicles, Steve Gordon, the Commissioner of the California Highway Patrol, Sean Duryee, and the Attorney General of California, Rob Bonta, under 42 U.S.C. § 1983 for violation of his First and Fourteenth Amendment rights, his right to travel and freedom of movement, his right to use private property in its ordinary and peaceable purpose, and the unconstitutional conditions doctrine. Compl. ¶¶ 23-29; *id.* at 11. He also seeks declaratory relief. Compl. ¶¶ 30-31.

Now before the Court are Dominick's motion for preliminary injunction and Defendants' motion to dismiss. Both motions are fully briefed and suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing currently set for October 15, 2026,

[1] Defendants' request for judicial notice of state court documents regarding the citation, Dkt. No. 17, is **GRANTED**. *See* Fed. R. Evid. 201(b).

United States District Court
Northern District of California

is **VACATED**.

In his opposition to the motion to dismiss, Dominick purports to narrow or clarify the allegations in the operative complaint and requests, "[t]o the extent the Court finds Dkt. 1 insufficiently specific as to an otherwise potentially viable independent claim, leave to file a First Amended Complaint supplying . . . concrete allegations." Dkt. No. 15 at 6. In their reply, Defendants acknowledge that Dominick seeks leave to amend, but they contend that amendment would be futile. Dkt. No. 16 at 2. They also note that Dominick does not identify "what actual facts he could allege that would save his claims," and that he did not file an amended complaint in response to the motion to dismiss as permitted by Federal Rule of Civil Procedure 15(a)(1)(B). *Id.*

Given that leave to amend should be liberally granted, *see* Fed. R. Civ. P. 15(a)(2), and because Dominick proceeds in this action without the assistance of counsel, the Court **GRANTS** Dominick leave to file a first amended complaint by no later than November 9, 2026 and **ADMINISTRATIVELY TERMINATES** Defendants' motion to dismiss. In his first amended complaint, Dominick may not add new claims or name new parties without leave of Court or Defendants' consent. Given the lack of an operative complaint, the Court **DENIES** Dominick's motion for preliminary injunction **WITHOUT PREJUDICE** to renewal following the filing of his first amended complaint.

**IT IS SO ORDERED.**

Dated: October 6, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**